IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CONNIE HILL,

        Plaintiff,

    v.

LOANSTAR MORTGAGEE
SERVICES, L.L.C., et al.,

        Defendants.
_____/

No.  CIV S-07-0161 DFL DAD PS

ORDER

On January 24, 2007, plaintiff filed a complaint concerning foreclosure proceedings. Plaintiff seeks rescission of her mortgage loan, the issuance of new loan documents on different terms, a declaration that defendants have no right to foreclose on the property in question, an order restraining defendants from taking any action to sell or transfer the property, compensatory damages, punitive damages, and costs of suit.  A motion to dismiss filed by defendant First American Loanstar Trustee Services is set for hearing on July 13, 2007, and a status conference is set for September 21, 2007. Before the court is plaintiff's motion for "an emergency temporary stay order" permitting her to remain in the property at issue until this case goes to trial.

In general, the purpose of issuing a temporary restraining order is to preserve the status quo pending a fuller hearing.  Here, plaintiff does not seek a temporary restraining order that would remain in effect for a brief time pending hearing on a motion for preliminary injunction.  The legal

1

principles applicable to requests for injunctive relief, both temporary and preliminary, are well established. To prevail on such a request, the party must demonstrate a likelihood of success on the merits and the possibility of irreparable injury or, in the alternative, show that serious questions have been raised and the balance of hardships tips sharply in the moving party's favor. Coalition for Econ. Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). These two formulations of the applicable legal standard represent two points on a sliding scale, with the focal point being the degree of irreparable injury shown. See Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, movant must demonstrate that there exists a significant threat of irreparable injury." 762 F.2d at 1376. Speculative injury does not constitute irreparable harm. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). If the movant fails to make the requisite showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. See 762 F.2d at 1376.

   A motion for temporary restraining order or preliminary injunction will not normally be set for hearing unless the moving party provides a brief on all relevant legal issues presented by the motion and a declaration that demonstrates the existence of an irreparable injury. Local Rule 65-231(c) and (d)(2). In addition, the moving party must provide either (1) a declaration detailing the notice given or efforts to give notice to all affected parties or their counsel, or (2) a declaration showing good cause why notice could not be given. Local Rule 65-231(a), (c)(5) and (8), and (d)(1). If the moving party fails to submit the required legal brief and a satisfactory declaration demonstrating the existence of an irreparable injury, the court cannot find that the motion meets the applicable legal standard. If the moving party fails to submit the required substantiation regarding notice, the court may be unable to issue an order governing the conduct of necessary parties.

   Here, plaintiff states that she sought a stay of execution of a writ of possession but the request was denied on May 2, 2007, and that she was locked out of her property on May 3, 2007. She asserts that the lock-out left her family homeless and deprived her of a place to conduct an undisclosed

1 home-based business.  She argues that, if the lock-out is permitted to continue, she will lose her
2 business and her family will suffer extreme hardship.  Plaintiff's motion is supported by a short
3 declaration, a copy of the state court's order denying plaintiff's application for stay of execution of writ
4 of possession, and a declaration of service on some but not all of the defendants listed in plaintiff's
5 complaint.

6       Plaintiff has not provided a brief on the relevant legal issues presented by her motion.
7 Neither the motion nor plaintiff's complaint demonstrates a likelihood of success on the merits of
8 plaintiff's claims against the defendants.  Plaintiff's vague and conclusory statements concerning injury
9 are insufficient to support the assertion of injury.  In addition, plaintiff fails to explain why she did not
10 seek relief by motion for preliminary injunction soon after filing this case in January 2007 instead of
11 seeking last-minute relief by motion for temporary restraining order filed almost five months later.  See
12 Local Rule 65-231(b).  In accordance with Local Rule 65-231(c), plaintiff's motion will not be set for
13 hearing.

14       IT IS ORDERED that plaintiff's May 4, 2007 amended motion requesting an emergency
15 temporary order pending trial is denied without prejudice for failure to comply with the requirements
16 Local Rule 65-231.
17 DATED: June 6, 2007.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

21 DAD:kw
DDad1\orders.prose\hill0161.mot.den