IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CONNIE HILL,

      Plaintiff,                    No. CIV S-07-0161 RRB DAD PS

      v.

LOANSTAR MORTGAGEE          ORDER
SERVICES, L.L.C., et al.,

      Defendants.
_____/

      At the present time, this case is set for a status (pretrial scheduling) conference on September 21, 2007, at 11:00 a.m. However, motions to dismiss have been noticed for hearing on July 13, 2007, and August 17, 2007. The status conference will be vacated at this time, to be rescheduled as appropriate.

      The court has received plaintiff's letter requesting emergency assistance. The request does not meet the requirements of Federal Rule of Civil Procedure 7(b) and Local Rule 65-231. By order filed June 7, 2007, the court denied a previous motion for an emergency order and advised plaintiff of the requirements of Local Rule 65-231. Plaintiff's letter request will also be denied for failure to comply with applicable rules.

      The court has also received plaintiff's request to enter the default of all defendants. The clerk cannot enter the default of defendants First American Loanstar Trustee

1

Services (sued as Loanstar Mortgagee Services LLC), WMC Mortgage Corp., and Mason McDuffie Real Estate, Inc. dba Prudential California Realty (sued as Prudential Realty) because these three defendants have moved to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and therefore have not failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 55(a).

The clerk cannot enter the default of defendants American Capitol Home Loans and Financial Title because plaintiff has failed to demonstrate that service of process was effected on these defendants.  (See Pl.'s Req. to Enter Default at 3-4.)  The summons and complaint mailed to American Capitol Home Loans was returned marked unclaimed and unable to forward.  Although plaintiff alleges that the documents were re-mailed to American Capitol Home Loans, she has not filed an amended proof of such service and states that she has not received a return receipt.  See Fed. R. Civ. P. 4(c)(2) and 4(*l*).  The summons and complaint sent to defendant Financial Title by mail were returned marked "Moved" and were not re-mailed because the 120-day time limit for service had lapsed.

In addition, the clerk cannot enter the default of defendants American Capitol Home Loans and Financial Title, or the defaults of defendants Wells Fargo Bank, Wells Fargo Home Mortgage, Inc., and Morgan Stanley Mortgage, Inc. because plaintiff's proof of service shows that the defendants were not served in compliance with Federal Rule of Civil Procedure 4(h)(1).  These defendants were served by certified mail sent to the entities at addresses in California.  Pursuant to Rule 4(h)(1), corporations and associations may be served by delivery of the summons and complaint to an officer, a managing or general agent, or an agent authorized by appointment or by law[1] to receive service of process, or they may be served pursuant to the law of the state in which the district court is located, in the manner authorized for service of

---

[1] If service is made on an agent authorized by statute, copies of the complaint and summons must be mailed to the defendant after copies are delivered to the agent.  Fed. R. Civ. P. 4(h)(1).

summons on the defendant in an action brought in the courts of general jurisdiction of the state. Fed. R. Civ. P. 4(e)(1). In California, mail service on the corporation's officer or agent must be coupled with a notice and acknowledgment form and a return envelope, postage prepaid, addressed to the sender. Cal. Code Civ. Proc. § 415.30(a) & (b). If the acknowledgment form is not completed and returned, the defendant to whom the summons was mailed must be served by another method. Cal. Code Civ. Proc. § 415.30(d). Plaintiff's proof of service does not show that copies of the summons and complaint were sent to an appropriate officer or agent for each defendant or that the defendant was provided with an acknowledgment form and return envelope, postage prepaid, addressed to the sender.

Plaintiff indicates that defendant American Servicing Co. is located in Iowa. Under California law, defendants outside the state may be served by mail with return receipt requested. Cal. Code Civ. Proc. § 415.40. However, the documents sent to defendant American Servicing Co. were not addressed to an appropriate officer or agent.

On this record, the clerk cannot enter the default of any defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 12, 2007 request to enter default is denied;

2. Plaintiff's June 12, 2007 request for emergency assistance is denied; and

3. The status (pretrial scheduling) conference set for September 21, 2007, before the undersigned is vacated.

DATED: July 10, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
DDad1\orders.prose\hill0161.defaultden.statconfvac